IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORTHPARK PARTNERS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MACY'S RETAIL HOLDINGS, INC., | § | |
| | § | |
| | § | |
| Defendant, | § | CIVIL ACTION NO. 3-12-cv-4376-M |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Macy's Retail Holdings, Inc.'s ("Macy's") Motion for Summary Judgment [Dkt. Entry #22]. In September 1999, Plaintiff NorthPark Partners, LP ("NorthPark") and the predecessors of Defendant Macy's entered into an Amended and Restated Agreement of Lease (the "Lease"), in which Macy's agreed to lease property at NorthPark Center, and NorthPark agreed to construct a Macy's store on that property, for an initial 20 year term. NorthPark is now suing Macy's for the alleged failure to make certain payments related to taxes attributable to the Northeast Parking Deck of NorthPark Center. Macy's seeks summary judgment on NorthPark's claims for (1) reformation; (2) unjust enrichment; (3) promissory estoppel; (4) quantum meruit; (5) declaratory judgment; and (6) a portion of NorthPark's breach of contract claim. The parties appeared before the Court at a hearing on December 9, 2013 to argue the Motion. Macy's Motion is **GRANTED IN PART** and **DENIED IN PART**.

I. DISCUSSION

1. Reformation

For the reasons stated at the hearing, and because the evidence before the Court is that both of the contracting parties gave testimony that they intended the contract to mean other than what Macy's now argues, there are genuine issues of material fact on NorthPark's reformation claim.  Macy's Motion for Summary Judgment on this issue is, therefore, **DENIED**.

2. Unjust Enrichment

NorthPark alleges that Macy's "passively received (and continues to receive) benefits that it would be unconscionable for Macy's to retain without reimbursement to NorthPark." *Resp*. at 44. However, the Lease addresses the same issue and thus precludes a claim for unjust enrichment. *See Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001) ("In Texas, unjust enrichment is based on quasi-contract and is unavailable when a valid, express contract governing the subject matter of the dispute exists."); *see also Baxter v. PNC Bank Nat'l Ass'n*, No. 12-51181, 2013 U.S. App. LEXIS 19669, at *4 (5th Cir. Sept. 26, 2013) ("There can be no recovery based on these theories when the same subject matter is covered by an express contract."). NorthPark does not allege that Macy's "received a benefit by fraud, duress, or the taking of undue advantage," but merely alleges that Macy's received a benefit and has not offered compensation in return. That is insufficient to support a claim for unjust enrichment. *See Leal v. Bank of Am.*, No. CIV.A. M-11-346, 2012 U.S. Dist. LEXIS 55755, at *15 (S.D. Tex. Apr. 20, 2012). Therefore, Macy's Motion on this issue is **GRANTED**.

3. Promissory Estoppel

NorthPark argues that it reasonably and justifiably relied on Macy's alleged promise to pay "Fair Approximation" fees for the Northeast Parking Deck, which Macy's allegedly agreed

to because the parties were not certain whether the Dallas County tax assessor would separately assess the Northeast Parking Deck. *Resp.* at 37. However, the law is that "[a] party to an arm's length transaction must exercise ordinary care for the protection of his own interests and is charged with knowledge of all facts that would have been discovered by a reasonably prudent person similarly situated; a failure to exercise reasonable diligence is not excused by mere confidence in the honesty and integrity of the other party." *AKB Hendrick, LLP v. Musgrave Enters.*, 380 S.W.3d 221, 232 (Tex. App.—Dallas 2012, no pet.). One is to evaluate the reasonableness in consideration of the background and experience of the plaintiff. *See Karna v. BP Corp. N. Am., Inc.*, No. H-12-0101, 2013 U.S. Dist. LEXIS 37517, *77 (S.D. Tex. Mar. 19, 2013). NorthPark is a sophisticated commercial entity that was represented by counsel throughout its nearly decade-long negotiations over the terms of the Lease. *Resp.* at 3.

As the Fifth Circuit has stated, "promissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove breach of contract." *LHC Nashua P'ship, Ltd. v. PDNED Sagamore Nashua, L.L.C.*, 659 F.3d 450, 457 n.6 (5th Cir. 2011). Texas law is clear: "when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory," such as promissory estoppel. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). Therefore, Macy's Motion on this issue is **GRANTED**.

    4. **Quantum Meruit**

The Northeast Parking Deck was completed in 2005. *Compl.* at 3, ¶ 9. For completed jobs, a quantum meruit claim accrues when a project is completed. *Smith v. Kirkwood & Hunter Elec. Co.*, 635 S.W.2d 171, 172 (Tex. App.— Houston 1982, no writ). Because the Northeast Parking Deck was completed in 2005, limitations on any quantum meruit claim related to the

Northeast Parking Deck expired in 2009—due to the four-year statute of limitations—absent any deferral of accrual of this claim. *Quigley v. Bennett*, 256 S.W.3d 356, 361(Tex. App.—San Antonio 2008, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (Vernon 2002)).

Macy's contends that the express contract between the parties precludes a claim for quantum meruit. Although "the existence of an express contract does not preclude recovery on quantum meruit for the reasonable value of services rendered and accepted which are not covered by the contract," *see Plaza at Turtle Creek Ltd. v. Henry Bldg., Inc*., No. 08-00-00416-CV, 2002 WL 59603 *6 (Tex. App.—El Paso Jan. 17, 2002, no pet.) (citations omitted); *accord Concept Gen'l Contracting, Inc. v. Asbestos Maint. Servs., Inc*., 346 S.W. 3d 172, 185 (Tex. App.—Amarillo 2011, pet. denied), here, all benefits received by Macy's were covered by the contract.  Thus, for this reason alone, NorthPark's quantum meruit claim cannot survive Macy's Motion.

NorthPark's quantum meruit claim is also independently barred by the statute of limitations. NorthPark argues that its quantum meruit claim did not accrue until Macy's repudiated NorthPark's demand for payment in December 2008, and that "NorthPark had no reason to believe that Macy's would refuse to pay for the valuable benefits it was receiving until Macy's refused to do so." *Resp.* at 36. The Court disagrees and concludes that, on these facts, the discovery rule cannot save NorthPark's quantum meruit claim.  This is so because the nature of NorthPark's injury was not inherently undiscoverable. *See Computer Assocs. Int'l, Inc. v. Altai, Inc*., 918 S.W.2d 453, 456 (Tex.1996). As in *Quigley*, Macy's presented sufficient evidence to show that NorthPark could have billed Macy's for its fiscal year 2006 taxes by 2007, and that doing so would have alerted NorthPark to the dispute.

NorthPark concedes that it did not bill Macy's for the Annual Parking Deck Payments for the fiscal year 2006 and 2007 taxes until September 2008. (*Pl.'s App.*, Ex. H). According to NorthPark, this delay resulted from various expansion activities, including adding an additional 125 tenants, which were not fully completed until 2006. (*Id.*) However, NorthPark's delays, due to matters unrelated to its contract with Macy's, do not mean that the statute of limitations failed to accrue. Therefore, Macy's Motion on this matter is **GRANTED**.

5. **Declaratory Judgment**

NorthPark argues that its declaratory judgment claim is not duplicative but, instead, seeks declaratory relief as to "the parties' ongoing and future relationship under the Lease." In its Complaint, NorthPark seeks a declaration on the following: (1) "Macy's' installation of the dock doors without NorthPark's approval constituted a breach of the Lease"; (2) "Macy's' installation of the signage without NorthPark's approval constituted a breach of the Lease"; and (3) "NorthPark is entitled to recover the amounts it is seeking as Additional Rent." *Compl.* at. 8-9, ¶ 35. These matters are already covered by NorthPark's other causes of action. "[C]ourts regularly reject declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit." *Regus Mgmt. Group, LLC v. IBM*, No. 07-1799, 2008 U.S. Dist. LEXIS 47276, at *5 (N.D. Tex. June 17, 2008) (Boyle, J.). NorthPark is pursuing declaratory relief that is duplicative of its other causes and, as a result, Macy's Motion on this matter is **GRANTED**.

6. **Breach of Contract: Ambiguity**

Section 23.2 of the Lease states that Macy's will pay as "additional rent" a pro rata share of the real estate taxes that are "assessed, levied or imposed upon or become due and payable and a lien upon the Northeast Parking Deck" and that the "pro rata share of said real estate taxes shall

be a fractional portion of the annual real estate taxes on the Northeast Parking Deck (excluding the land underneath the Northeast Parking Deck) as shown on the records of the Dallas County tax assessor." *Def.'s App.* 154-155.

NorthPark asserts that the Lease's terms, such as "real estate taxes," "tax assessor," "assessed," "levied," "imposed," and the phrase "the records of the Dallas County tax assessor" are ambiguous. In support of its claim, NorthPark argues that "the [purported] circumstances surrounding the formation of the contract establish that its interpretation is reasonable." However, as Macy's notes, "such parol evidence is not admissible for the purpose of *creating* an ambiguity in an agreement." *DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 857 (Tex. App.—Houston 2003, pet. denied) (emphasis in original).

On its face, Section 23.2 of the Lease is not ambiguous. "If a written contract is so worded that it can be given a definite or certain legal meaning, then it is not ambiguous." *Ace Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 842 (5th Cir. 2012). "A contract is not ambiguous merely because the parties to an agreement proffer conflicting interpretations of a term." *Id.* Therefore, Macy's Motion on this matter is **GRANTED**.

## II. CONCLUSION

For the aforementioned reasons, Macy's Motion is **GRANTED IN PART** and **DENIED IN PART**. NorthPark's reformation claim survives the Motion, while the Court **GRANTS** the remaining portions of Macy's Motion.

**SO ORDERED**

February 4, 2014.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**